UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OWNERS INSURANCE COMPANY and
AUTO-OWNERS INSURANCE
COMPANY,

      Plaintiffs,

v.                                            **Case No: 8:16-CV-3428-T-27AAS**

BOBBY T., INC. and BAHAMA BAY
CONDOMINIUM ASSOCIATION, INC.,

      Defendants.

_____/

## ORDER

**BEFORE THE COURT** are Plaintiffs Owners Insurance Company and Auto-Owners

Insurance Company's Motion for Summary Judgment (Dkt. 27), Defendant Bobby T., Inc.'s

response (Dkt. 33), and Defendant Bahama Bay Condominium Association, Inc.'s response (Dkt.

34). Upon consideration, Plaintiffs' Motion is DENIED.

## I.    BRIEF SUMMARY OF THE CASE

Plaintiffs filed this action seeking a declaration that they do not owe Bobby T., Inc., the

named insured in a Commercial General Liability Policy and Umbrella Policy, a duty to defend or

indemnify in an underlying lawsuit pending in Polk County Circuit Court, *Bahama Bay

Condominium Association, Inc. v. Interplan, LLC and Bobby T., Inc.*, Case No. 2015CA003362. In

that case, Plaintiffs are defending Bobby T. under a reservation of rights. Plaintiffs move for

summary judgment on the discrete issue of whether they owe Bobby T. a duty to defend, contending

that the allegations in the underlying complaint demonstrate that the claimed "property damage" falls

within the "damage to your work exclusion" in the policies.[1]

## II.   UNDISPUTED FACTS

In September 2009, Bahama Bay contracted with Bobby T., Inc. to "repair and remediate the moisture intrusion problems at the exterior stairs and breezeways" at Bahama Bay Resort and to prevent it from reoccurring. (Dkt. 1, Ex. A at ¶ 13). The contract described the scope of work as "[s]horing, demolition, framing, waterproofing, installation of siding and soffits, flashing, painting, repair of exterior columns and rails, landscaping, cleaning and pulling all permits." (Dkt. 1, Ex. A at Ex. D). Bobby T. performed the work in 2009 and 2010. (Dkt. 1, Ex. A at ¶ 18). In the underlying state court action, Bahama Bay sued Bobby T. for damages for water intrusion caused by alleged construction defects. (*Id.*)

According to the underlying complaint, in 2014, Bahama Bay noticed "visible signs of damage beginning to appear in the same areas as those where the original damage and subsequent repairs were made in 2009 and 2010." (Dkt. 1, Ex. A at ¶ 17). In addition, the underlying complaint alleges that "[s]igns of water damage and moisture infiltration not only appeared in areas where repairs had been made but also in areas indicating that leaks were permitting water to travel from points of penetration to other parts of the **exterior stairwells** causing further damage. . . . [and that] [t]he Resort has suffered continued damage by the ongoing water intrusion and must be repaired."[2]

---

[1] Plaintiffs' Complaint alleges three counts: (1) No duty to defend or indemnify under the Policies' - "No Occurrence"; (2) No duty to defend or indemnify under the Policies' - "No Property Damage" caused by "Occurrence"; and alternatively, (3) No duty to defend or indemnify under "damage to your work exclusion." (Dkt. 1). Plaintiffs seek summary judgment solely on Count 3.

[2] Bahama Bay more specifically alleges that Bobby T. failed to complete its work in a workmanlike manner and breached its contract by: (a) improper application of sealants, including cladding in stair T-bar assembly and water resistant membrane not sealed at joints and edges; (b) cladding material installed horizontally unsealed with nail penetrations at top of side-beams; (c) failure to install water resistant membrane to protect plywood sheathing and wood blocking; (d) lack of flashing and weeps to direct incidental moisture back to exterior of assembly; (e) voids and penetration in water resistant membranes including the coring of lightweight concrete on stair landings for

(Dkt. 1, Ex. A at ¶¶ 17, 19).

**The policy coverage exclusion**

Auto-Owners issued a Commercial General Liability Policy to Bobby T. on December 1, 2014.[3] The policy provides the following coverage for "[p]roperty damage":

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

The Policy excludes from coverage:

l.      Damage to Your Work
"Property damage" to "your work" arising out of it or any part of it and included in the products-related operations hazard"

27.     "Your Work":
a.      Means:

(1) Work or operations performed by you or on your behalf, and

(2) Materials, parts or equipment furnished in connection with such work or operations.

(*See, e.g.*, Dkt. 1, Exs. B at 73, 78, 93).

Plaintiffs contend that the damages alleged in the underlying complaint fall within the exclusion for "Damage to Your Work," since Bahama Bay alleges damages related only to the work performed by Bobby T.

---

installation of shoring and subsequent failure to properly patch penetrated water resistant membrane; and (f) absence of substrate priming for water resistant membrane. (Dkt. 1-1 pgs. 10 - 11).

[3] While there are four separate CGL Policies, the material language of the policies does not vary for purposes of the exclusion at issue.

## III.  STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party fails to demonstrate the absence of a genuine dispute, the motion should be denied. *Kernel Records*, 694 F.3d at 1300 (citation omitted). On the other hand, "'[i]f no reasonable jury could return a verdict in favor of the nonmoving party, there is no genuine issue of material fact and summary judgment will be granted.'" *Lima v. Fla. Dep't of Children & Families*, 627 F. App'x 782, 785–86 (11th Cir. 2015) (quoting *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994)). "When the only question a court must decide is a question of law, summary judgment may be granted." *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011)

## IV.  DISCUSSION

The duty to defend arises when the underlying complaint alleges "facts that fairly and

4

potentially bring the suit within policy coverage." *Jones v. Florida Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 443 (Fla. 2005). If "the complaint alleges facts partially within and partially outside the scope of coverage, the insurer is obligated to defend the entire suit." *Trizec Properties, Inc. v. Biltmore Const. Co.*, 767 F.2d 810, 811 (11th Cir. 1985). Any doubts about whether the duty to defend is triggered are resolved in favor of the insured. *Jones*, 908 So. 2d at 443. "However, if the pleadings show the applicability of a policy exclusion, the insurer has no duty to defend." *State Farm Fire & Cas. Co. v. Tippett*, 864 So. 2d 31, 35 (Fla. 4th DCA 2003). "When an insurer relies on an exclusion to deny coverage, it has the burden of demonstrating that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." *Castillo v. State Farm Fla. Ins. Co.*, 971 So. 2d 820, 824 (Fla. 3d DCA 2007) (quotation omitted).

Plaintiffs are not entitled to summary judgment because Bahama Bay's complaint in the underlying action can be reasonably interpreted to allege damage to property other than that on which Bobby T performed work. Specifically, the complaint alleges damage to property other than "[w]ork or operations performed by [Bobby T] or on [its] behalf, [or] Materials, parts or equipment furnished in connection with such work or operations." The complaint therefore alleges facts that fairly bring the suit within the policy coverage and which are not "cast solely and entirely" within the "Damage to Your Work" policy exclusion.

At best, it is unclear from the face of the underlying complaint that the water penetration did not damage property other than the staircases and landings. Although the complaint alleges damage to the exterior staircases and landings, the areas Bobby T. was originally hired to repair, it is not clear that no other property was damaged. (Dkt. 1, Ex. A at ¶¶ 12-19, 28) ("The purpose of the project was

to repair water intrusion damage on staircases and landings throughout Bahama Bay and to undertake a plan of remediation to prevent such water intrusion in the future.").[4] *See J.B.D. Const., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 925 (11th Cir. 2014). For example, paragraph 17 alleges: "In 2014, Plaintiff noticed visible signs of damage beginning to appear in the same areas as those where the original damage and subsequent repairs were made in 2009 and 2010. Signs of water damage and moisture infiltration ***not only appeared in areas where repairs had been made but also in areas indicating that leaks were permitting water to travel from points of penetration to other parts of the exterior stairwells causing further damage.***" (Dkt. 1, Ex. A) (emphasis added).

Accordingly, Plaintiffs have not met their burden of demonstrating that the allegations in the underlying complaint fall solely and entirely within the exclusion, *see Castillo*, 971 So. 2d at 824, and any doubts as to whether Plaintiffs have a duty to defend must be resolved in favor of Bobby T. *See Jones*, 908 So. 2d at 443. It necessarily follows that there are disputed issues of fact as to the property damaged which preclude summary judgment on the issue of indemnification.

Accordingly, Plaintiffs Owners Insurance Company and Auto-Owners Insurance Company's Motion for Summary Judgment (Dkt. 27) is **DENIED**.

**DONE AND ORDERED** this 27ᵗʰ day of March, 2018.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[4] Similarly, paragraph 28 alleges: "After the completion of the initial repairs of the building and in 2014, it was discovered that the water intrusion issue persisted and the Property's staircases and landings were damaged." (*Id.*) And, paragraph 41 alleges: "After the completion of the construction of the building, it was discovered that the water intrusion issues persisted and the Resort's staircases and landings were damaged." (*Id.*)